## Coby *v.* Kock.

One held in slavery by a person who purchased him in good faith, believing him to be a slave, may recover against the latter wages for the time of his confinement in jail under a sequestration in the suit for freedom, with a fair allowance, in addition, as damages for the imprisonment; but no damages or wages will be allowed for any period anterior to the institution of suit.

APPEAL from the Third District Court of New Orleans, *Kennedy,* J. This is an action to recover from the defendant damages for illegally holding the plaintiff as a slave. The petition was filed on the 6 April, 1846. The defendant answered that. about the 18 June, 1844, he purchased, by a notarial act, from one *Miesegaes* a negro, the plaintiff, whom he considered a slave : That he acted in good faith, believing him to be a slave, and continuing in that belief until a judgment of the United States District Court declared him to be entitled to his freedom : That plaintiff never rendered him any service : That *Miesegaes,* from whom he purchased him, reserved to himself the right of redeeming the slave and the use of him, which he enjoyed during ten or twelve months, without ever paying him any compensation therefor : That, at the expiration of that time, and immediately after entering respondent's house, plaintiff ran away, and was taken up only many months afterwards, and but a short time previously to his instituting against respondent a suit for his freedom in the District Court of the United States.

It was admitted in the court below that the plaintiff was declared free by a judgment of the United States District Court, on the 6 March, 1846 : That the petition in that case was filed, on 25 November, 1845 : That plaintiff was employed in the store of *Miesegaes* until the day on which he was delivered to defendant, in June, 1845 ; and that he run away on that day, and was not taken up until the date of the sequestration, on the 27 November, 1845, which was set aside, on or about the 22 December, 1845, on motion of defendant's counsel, until the decree for freedom was rendered : That the services of the plaintiff were worth $15 a month.

The defendant offered the act of sale from *Miesegaes* in evidence. He also introduced a witness, *Upton,* who stated that he knew the plaintiff well; that he was a long time in the employment of *Miesegaes,* as a porter; that, after he had been discharged, he told witness that he had never informed his former owners that he was free.

The judgment of the District Court is in these words :

" The defendant, *Kock,* appears to have purchased the plaintiff and held him in slavery in good faith, having every reason to believe him to be a slave. On the principles of the cases *Phillis* v. *Gentln,* 9 La. 208, and *Eugenie* v. *Préval,* 2 An. R. 180, taken together, the plaintiff has no claim against defendant for wages prior to the institution of the suit for his freedom. See also arts. 495, 3414 of the Louisiana Code. At that date he was at large, having previously absconded, and he came again into the possession of *Kock,* only on the 27th November, 1845. He was decreed to be free on 6th March, 1846, and appears to have been restored to liberty on the same day. This claim for wages therefore covers a period of three months and seven days, at the rate of $15 per

month, the admitted value of his services, equal to $48 50. I consider $25 in addition a fair allowance, as damages for the two or three months that he was detained in jail, considering that his own silence as to his freedom, which was not unknown to him, as appears by *Upton's* testimony, contributed in some degree to the belief that he was a slave; and that, in point of actual hardship, there is not much difference between imprisonment and idleness for two or three months, and hard labor as a slave for the same period. It is, therefore, ordered that, the plaintiff recover from the defendant the sum of $73 50, and costs of suit." From this judgment the defendant appealed.

*David,* for the plaintiff. *Musson,* for the appellant. The judgment of the court was pronounced by

EUSTIS, C. J. For the reasons given by the district judge, the judgment is affirmed, with costs.